IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIM LABER, et al.,

     Plaintiffs,                   No. CIV S-04-1427 FCD KJM PS

    vs.

ROBERT COTTELL, et al.,          ORDER

     Defendant.

        A further status conference was held in this matter on September 14, 2005 before the undersigned. Plaintiffs appeared in propria persona. No appearance was made for defendants. Upon consideration of the court file in this action, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        In this action, plaintiffs allege claims arising out of their partnership's failure to fund payroll taxes. Plaintiffs name as defendants their former partners, who, they contend, failed to pay the requisite taxes. The basis of federal subject matter jurisdiction was not evident in the complaint and plaintiffs accordingly were directed to file a statement setting forth the basis of jurisdiction. In their written filings, plaintiffs contend federal subject matter jurisdiction is conferred by 26 U.S.C. § 3102 and 18 U.S.C. § 1701. <u>See</u> Plaintiffs' Statement (filed June 27, 2005).

1    Presumably, by relying on the cited statutes, plaintiffs intend to invoke federal
2 question jurisdiction under 28 U.S.C. § 1331 because they contend they have a private right of
3 action under these statutes.  When, as here, a civil suit is brought based on a federal statute that
4 does not expressly create a private right of action, the court must determine whether the federal
5 statute creates an implied private right of action.   The Supreme Court has articulated a four-part
6 test to determine whether a statute creates an implied cause of action.  Cort v. Ash, 422 U.S. 66
7 (1975).  A court asks:  (1) is the plaintiff one of the class for whose "especial benefit" the statute
8 was enacted, (2) does the legislative history create or deny such a remedy, (3) is an implied cause
9 of action consistent with the purposes of the legislative scheme, and (4) is the cause of action one
10 so traditionally relegated to state law that "it would be inappropriate to infer a cause of action
11 based solely on federal law?"  Cort, 422 U.S. at 78.

12    Applying the Cort factors, there are no private rights of action conferred on
13 plaintiffs under the statutes they cite in their jurisdictional statement.  26 U.S.C. § 3102 pertains
14 to the payment of taxes for social security (FICA).  No private right of action can be implied
15 under this statute.  See McDonald v. Southern Farm Bureau Life Ins.Co., 291 F.3d 718 (11th Cir.
16 2002).  The other statute cited by plaintiffs, 18 U.S.C. § 1701 (obstruction of mail), provides only
17 for criminal penalties.  Thus, federal question jurisdiction cannot be invoked under these statutes.

18    However, at the status conference, plaintiffs clarified their position that
19 26 U.S.C. § 6672 also provides a basis for federal subject matter jurisdiction.  This statute was
20 amended in 1996 and expressly creates a private right of action for contribution for each person
21 who has paid penalties under 26 U.S.C. § 6672(a), if other persons are liable for such penalties as
22 well.  26 U.S.C. § 6672(d).  It thus appears federal subject matter jurisdiction may exist if
23 plaintiffs are able to amend their complaint to state a cause of action under subsection (d).
24 Accordingly, plaintiffs will be granted leave to file an amended complaint alleging such a claim.
25 /////
26 /////

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days from the date of this order, plaintiffs may file an amended complaint alleging a claim under 26 U.S.C. § 6672(d). If plaintiffs choose not to file an amended complaint, they may seek dismissal as provided by Federal Rule of Civil Procedure 41(a)(2). Failure to file an amended complaint or a request for voluntary dismissal in compliance with this order will result in a recommendation that the action be dismissed for lack of subject matter jurisdiction.

2. This matter is set for further status conference on November 16, 2005. Dates will be set at that time pertaining to discovery, law and motion, pretrial conference and trial. The parties are directed to file status reports one week prior to the status conference setting forth suggested dates for scheduling in this matter.

3. Defendants are cautioned that failure to appear at the status conference will result in a recommendation that the answer be stricken and default entered.

DATED: September 16, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

006
laber.juris