1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JIM LABER, et al.,

11          Plaintiffs,                    No. CIV S-04-1427 FCD KJM PS

12          vs.

13   ROBERT COTTELL, et al.,

14          Defendants.          PRETRIAL CONFERENCE ORDER

15   _____/

16          The pretrial conference was submitted on the papers based on the order filed

17   November 18, 2005.  Plaintiffs have filed a pretrial conference statement; defendants have not.

18   Good cause appearing, the court makes the following findings and orders:

19                          **I.  JURISDICTION/VENUE**

20          Jurisdiction is predicated upon 28 U.S.C. § 1331 and 26 U.S.C. § 6672(d) and is

21   found to be proper as is venue.

22                          **II.  JURY/NON-JURY**

23          Plaintiffs have timely requested a jury.

24   /////

25   /////

26   /////

1

### III.  UNDISPUTED FACTS

As defendants failed to timely file a pretrial statement and are therefore deemed to have waived objections, the undisputed facts are as set forth in plaintiffs' pretrial statement (docket no.  38).

### IV.  DISPUTED FACTUAL ISSUES

Whether defendants are responsible for unpaid payroll taxes.

### V.  DISPUTED EVIDENTIARY ISSUES

The parties have not set forth any disputed evidentiary issues.  The parties will not be permitted to bring motions in limine relative to any evidentiary issues not listed in the final pretrial order absent a showing that the issue was not reasonably foreseeable at the time of the pretrial order.

### VI.  RELIEF SOUGHT

Plaintiffs seek $190,335.71 per the Internal Revenue Service Notices for calendar years 2000, 2001, 2002 and 2003.

### VII.  POINTS OF LAW

Trial briefs shall be filed with the court no later than April 17, 2007, with contents of the briefs compliant with Local Rule 16-285.  The parties shall brief the following points of law in their trial briefs:

Elements, standards, and burden of proof for a private right of action for contribution under 26 U.S.C. § 6672.

ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED, AND DEEMED WAIVED.

### VIII.  ABANDONED ISSUES

Plaintiffs filed an amended complaint of October 17, 2005, which supersedes all complaints previously filed.

## IX.  WITNESSES

Plaintiffs anticipate calling the witnesses as set forth in plaintiffs' pretrial statement (docket no. 38).  Defendants, having filed no pretrial statement, do not anticipate calling any witnesses.

Each party may call a witness designated by the other.

A.    No other witnesses will be permitted to testify unless:

(1)    The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the Pretrial Conference, or

(2)    The witness was discovered after the Pretrial Conference and the proffering party makes the showing required in paragraph "B" below.

B.    Upon the post-Pretrial discovery of witnesses, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so that the court may consider at trial whether the witnesses shall be permitted to testify.  The evidence will not be permitted unless:

(1)    The witnesses could not reasonably have been discovered prior to Pretrial;

(2)    The court and opposing party were promptly notified upon discovery of the witnesses;

(3)    If time permitted, the party proffered the witnesses for deposition; and

(4)    If time did not permit, a reasonable summary of the witnesses' testimony was provided the opposing party.

## X.  EXHIBITS, SCHEDULES AND SUMMARIES

At present, plaintiffs anticipate offering the exhibits as set forth in plaintiffs' pretrial statement (docket no. 38).  Defendants, having filed no pretrial statement, do not contemplate any exhibits.

/////

1        A.     No other exhibits will be permitted to be introduced unless:

2        (1)    The party proffering the exhibit demonstrates that the exhibit is for the

3 purpose of rebutting evidence which could not be reasonably anticipated at the Pretrial

4 Conference, or

5        (2)    The exhibit was discovered after the Pretrial Conference and the proffering

6 party makes the showing required in paragraph "B," below.

7        B.     Upon the post-Pretrial discovery of exhibits, the party shall promptly

8 inform the court and the opposing party of the existence of such exhibits so that the court may

9 consider at trial their admissibility.  The exhibits will not be received unless the proffering party

10 demonstrates:

11        (1)    The exhibits could not reasonably have been discovered prior to Pretrial;

12        (2)    The court and counsel were promptly informed of their existence; and

13        (3)    The party forwarded a copy of the exhibit(s) (if physically possible) to the

14 opposing party.  If the exhibit(s) may not be copied, the proffering party must show that he/she

15 has made the exhibit(s) reasonably available for inspection by the opposing party.

16        As to each exhibit, each party is ordered to exchange copies of the exhibit not

17 later than April 17, 2007.  Each party then has until the close of business on April 27, 2007 to

18 object to said exhibit.  In making said objection, the party is to set forth the grounds for the

19 objection.  Each party is directed to appear before and present an original and one (1) copy of

20 said exhibit to the courtroom deputy of the district judge, not later than 8:30 a.m. on the date set

21 for trial.  As to each exhibit that is not objected to, it shall be marked and received into evidence

22 and will require no further foundation.  Each exhibit that is objected to will be marked for

23 identification only.

24                    **XI.  DISCOVERY DOCUMENTS**

25        Plaintiffs intend to introduce discovery documents as set forth in plaintiffs'

26 pretrial statement (docket no. 38).  Defendants, having filed no pretrial statement, do not intend

1      to introduce discovery documents.

## XII.  FURTHER DISCOVERY OR MOTIONS

As provided by the court's Status Conference Order, all discovery and law and motion was to have been conducted so as to be completed as of the date of the Pretrial Conference.  That order is confirmed.  While the parties may stipulate to modification of that order, any such agreement will not necessarily be enforceable in this court.

## XIII.  STIPULATIONS

The parties have entered into no stipulations.

## XIV.  AMENDMENTS/DISMISSALS

No amendments or dismissals are anticipated.

## XV.  SETTLEMENT NEGOTIATIONS

It appears a settlement conference is not warranted in this case.

## XVI.  AGREED STATEMENTS

There are no agreed statements.

## XVII.  SEPARATE TRIAL OF ISSUES

No separate trial of issues appears feasible or advisable.

## XVIII.  IMPARTIAL EXPERTS/LIMITATION OF EXPERTS

A court appointed impartial expert is not necessary.

## XIX. PROPOSED JURY VOIR DIRE AND PROPOSED JURY INSTRUCTIONS

The parties are directed to Local Rule 47-162(a) and Local Rule 51-163(a) for procedures and time limits regarding proposed voir dire and proposed jury instructions, respectively.  The provisions of said local rules notwithstanding, the parties shall file proposed voir dire and proposed jury instructions, if any, not later than fourteen days before the date set for trial.

## XX.  MISCELLANEOUS

There are no miscellaneous matters.

## XXI.  ESTIMATE OF TRIAL TIME/TRIAL DATE

Trial by jury is set for May 1, 2007 at 9:00 a.m. before the Honorable Frank C. Damrell.

The parties are reminded that, as provided by Federal Rule of Civil Procedure 16(e), this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

IT IS SO ORDERED.

DATED:  October 16, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006
laber.pto